UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| In the Matter of: } | |
| } | Case No. 04-92951 |
| Jerald E. Turner } | |
| } | Chapter 7 |
| } | |
| Debtor } | |

**MOTION TO HOLD CREDITOR L.L. RECEIVABLES COMPANY IN CONTEMPT
FOR VIOLATION OF DISCHARGE INJUNCTION**

Comes now the Debtor, Jerald E. Turner by counsel, and for his Motion to hold L.L. Receivables Company in contempt for violating the discharge injunction, states as follows:

1. The debtor filed his Chapter 7 petition on August 18, 2004.

2. In Schedule F, the debtor listed an unsecured debt owed to Citibank.

3. Unknown to the debtor, said debt had apparently been assigned to L.L. Receivables Company ("L.L. Receivables"), an Indiana corporation.

4. The trustee filed a report of no distribution on November 11, 2004 and on December 15, 2004, the debtor was granted a discharge.

5. On August 20, 2004. L.L. Receivables filed suit against the debtor in Harrison Circuit Court, and on July 14, 2005, obtained a judgment against the debtor in the amount of $24,669.29.

6. The aforementioned judgment constitutes a lien against the debtor's real estate, and as a result, the debtor has been unable to re-finance his mortgage.

7. Despite having been notified of the bankruptcy filing, L.L. Receivables refuses to set aside the judgment and lien against the debtor and continues to pursue collection of the

debtor, all in violation of the discharge injunction.

8. L.L. Receivables' actions in attempting to collect the debt constitute a willful violation of the discharge injunction, which entitles the debtor to recover damages.

9. The debtor requests that the Court enter an Order holding the Owner, President and attorney, Howard Howe, in contempt for willfully violating the discharge injunction and award damages against him in an amount to be determined by the Court.

10. Although L.L. Receivables was not specifically listed as a creditor in the petition, its predecessor, Citibank was, in fact, listed. Even if the creditor was not listed, the debt would, nevertheless, have been discharged pursuant to this Court's ruling in **Ruth Wilson vs. Ron Lucas** Adv No. 00-9029.

11. L.L. Receivables' actions in attempting to collect the debt constitute a violation of the discharge injunction.

WHEREFORE, the debtor requests that Howard Howe be held in contempt and ordered to pay damages to the debtor in an amount to be determined by the Court for willfully violating the discharge injunction.

Respectfully Submitted,

/s/ **RICHARD A SCHWARTZ**
Richard A. Schwartz
*Attorney for the Debtor*
KRUGER, SCHWARTZ & MORREAU
6040 Dutchmans Lane
Suite 220
Louisville, KY 40205
(502) 485-9200

CERTIFICATE OF SERVICE

It is hereby certified that the following were electronically served on February 23, 2009:

Michael Walro, Trustee
429 East Main Street
Madison IN

and sent by ordinary first class mail and certified mail, return receipt requested to:

Howard Howe
Attorney at Law
Suite 605
50 South Meridian Street
Indianapolis, IN 46204

/s/ **RICHARD A SCHWARTZ**
Richard A. Schwartz